

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br><br>MICHAEL MALASKA<br><br>_Defendant(s)_ | ) ) ) ) Case No. **12-4431SAG**<br>) )<br>) ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 6, 2012__ in the county of __Allegany__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a firearm by a previously convicted person |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

TFO Robert Riley, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: Oct. 15, 2012

_Judge's signature_

City and state: Baltimore, Maryland     Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
_Printed name and title_

12-4431SAG

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. This affidavit is submitted in support of an application for a Criminal Complaint against Michael MALASKA, year of birth 1967, for violation of Title 18, United States Code, Section 922(g)(1). There is probable cause to believe that on or about April 6, 2012, MALASKA did unlawfully possess four firearms, which had affected interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year.

2. I make this Affidavit based on matters I have investigated personally as well as information I have received from other law enforcement sources, including reports. I have not included all of the information known to law enforcement in this Affidavit, but I do not believe that I have omitted any information that would tend to defeat a showing of probable cause.

### Your Affiant

3. Your Affiant is Corporal Robert Riley #2796, of the Maryland State Police, Criminal Investigation Division, Firearms Enforcement Section. Your affiant has been with the Maryland State Police since July 1998. Your affiant has completed the mandatory six (6) month Maryland State Police training academy and a portion of that training dealt with firearms, search and seizure warrants, and criminal investigations.

4. From January 1999 to October 2002, your affiant worked uniform patrol at the Leonardtown Barrack located in Saint Mary's County, Maryland, and successfully handled a wide array of investigative assignments. From October 2002 to April 2004, your affiant was assigned to the Criminal Investigation Section at the Maryland State Police Leonardtown Barrack, located in Saint Mary's County, Maryland, and successfully handled a wide array of investigative assignments. These investigations involved suspected violations pertaining to weapon violations.

5. April 2004 to December 2008, your affiant, was assigned to the Maryland State Police, Criminal Investigation Division, Organized Crime Unit/Street Gangs Unit for the entire state of Maryland. During that time your affiant was duly deputized by the United States Marshals Service as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and participated in the preparation and execution of numerous search and seizure warrants.

6. From January 2009 to June 2010, your affiant worked uniform patrol at the Westminster Barrack located in Carroll County, Maryland, and successfully handled a wide array of investigative assignments, including investigations of suspected firearms and controlled dangerous substance violations. Those investigations included the preparation and execution of search and seizure warrants. On June 30, 2010, your affiant, was assigned to the Maryland State Police, Criminal Investigation Division, Gun Trafficking Task Force, as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and has participated in the preparation and execution of

numerous search and seizure warrants in that capacity. Your affiant has participated in numerous seizures of illegal firearms and ammunition.

7. Your affiant has received and completed numerous hours of advanced criminal investigative classes and training presented by the ATF and other law enforcement agencies. This training consisted of, among other things, Maryland and federal gun laws, undercover operations, search and seizure warrants, surveillance, gun trafficking, use of force policies, and firearms identification.

### Facts and Circumstances Establishing Probable Cause

8. On April 6, 2012 at approximately 7:25 am, your affiant executed a search and seizure warrant (signed by the Honorable Judge Wright, District Court of Maryland for Washington County) for the residence of defendant MALASKA, located at 23403 Pack Horse Road, Oldtown, Allegany County, Maryland 21555. The search warrant pertained to a firearms investigation as well as related investigations[1] then ongoing in Allegany County. During the execution of the search warrant, Michael MALASKA was found in the residence.

9. During the search of the residence, officers found the following items inside the residence:

> US Carbine rifle, caliber: .30, serial number: 3367448 (corner of bedroom of Michael MALASKA, in plain view);
>
> Norinco SKS assault rifle, caliber: 7.62 x 39mm, serial number: 00598 (corner of bedroom of Michael MALASKA, in plain view);
>
> Weatherby rifle, model: Vanguard, caliber: 300 mag, serial number: VS93158 (in corner next to closet in bedroom of Michael MALASKA);
>
> Remington shotgun, model: SP-10, caliber: 10 gauge, serial number: RM012029 (in corner next to closet of bedroom of Michael MALASKA).

All of the firearms listed above were found in plain view in the bedroom of Michael MALASKA. It should be noted that this investigation has revealed that another resident of the house, MALASKA's father, has also possessed firearms in the residence. However, the location of these particular firearms in Michael MALASKA's bedroom combined with his statements (discussed below) indicating knowledge of the weapons demonstrate Michael MALASKA's constructive possession of the firearms.

---

[1] The execution of this search warrant arose from an investigation into a shooting committed by MALASKA's father. During the course of that shooting investigation, authorities learned that MALASKA (as well as his father) had firearms inside the residence. As discussed elsewhere in this affidavit, MALASKA's statements and the location of the firearms described above demonstrate that the weapons charged in this complaint were in the possession of Michael MALASKA.

2

10. Michael MALASKA was advised of his *Miranda* rights by an investigator at 7:33 am on the day of the search warrant. At that time, Michael MALASKA acknowledged that he understood his *Miranda* rights and agreed to speak to your Affiant regarding this investigation. As soon as Michael MALASKA was advised that the search warrant was for a firearms investigation, he immediately stated "I'm not a felon." Your Affiant then advised Michael MALASKA of the current criteria of being prohibited in the State of Maryland at which time MALASKA stated "well, I don't have possession[2] of any guns." Your Affiant then asked MALASKA if there were any guns in his bedroom to which he stated "yes." As other investigators began to bring the guns into the kitchen where Michael MALASKA was seated, he then stated, "not all those guns are mine some of them are [another identified person's][3] guns." MALASKA specified the US Carbine rifle and the Norinco SKS discussed above belonged to this other person. MALASKA made no such statement with respect to the other two guns listed above.

11. Your affiant knows, through his training and experience, that the aforementioned firearms are "firearms" as defined in Title 18, United States Code, Section 921(a) in that each is a weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

12. Your affiant further knows that the above-listed firearms have never been manufactured in the State of Maryland; therefore, all of the weapons listed above would have traveled in or affected interstate commerce prior to their recovery in this state.

13. Your Affiant reviewed judicial records for MALASKA, which revealed that MALASKA had, prior to April 6, 2012, been convicted in state courts of crimes punishable by a term of imprisonment exceeding one year.

---

[2] MALASKA's use of the word "possession," combined with his subsequent statement that some of the weapons belonged to someone else, indicate to your Affiant that MALASKA is confusing the concept of "possession" with "ownership." Whether MALASKA considered himself the "owner" of some of the weapons in the residence is not relevant. For purposes of "possession," MALASKA had knowledge of the weapons (he told the police about them) and control over them (they were found in plain view in his bedroom).

[3] The person identified by MALASKA is not a resident of the house (nor was it MALASKA's father, who is discussed elsewhere in this affidavit). Your Affiant believes that MALASKA may have taken temporary possession of some of the weapons from that other person.

3

Based on the information, facts, and circumstances indicated, your Affiant believes:

1. MALASKA has been convicted of a crime punishable by imprisonment for a term exceeding one year;

2. MALASKA has neither been pardoned for his prohibiting criminal conviction nor had his firearms rights restored; and

3. MALASKA possessed four (4) firearms, which had affected interstate or commerce, on or about April 6, 2012, in violation of Title 18, United States Code, Section 922(g)(1).

_____
Corporal Robert Riley
Maryland State Police
Task Force Officer,
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed to before me this 15th day of October, 2012, at 3:49 am/pm.

_____
Honorable Stephanie A. Gallagher
United States Magistrate Judge
Baltimore, Maryland

4